PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENITA WILLIAMS, | ) | |
| | ) | CASE NO. 4:23 CV 01108 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF | ) | **ORDER OF DISMISSAL** |
| REHABILITATION AND CORRECTION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**I.**

*Pro se* petitioner Benita Williams, formerly incarcerated at the Ohio Reformatory for Women, is currently serving a three-year period of Adult Parole Authority Supervision.  On June 1, 2023, Petitioner filed an Emergency Writ of Prohibition (ECF No. 1).  Petitioner appears to be challenging the conditions of her post-release control, specifically pertaining to her mandatory mental health treatment and mandatory behavioral medications.  ECF No. 1.  Petitioner attached to her Petition copies of the conditions of her supervision and grievance forms.  ECF Nos. 1-1 through 1-9.

Previously, on May 17, 2023, Petitioner filed an almost identical Petition in which she challenged the conditions of her post-release control, including the provisions concerning Petitioner's mandatory mental health treatment and mandatory behavioral medications.  *See Williams v. Ohio Dep't of Rehab. & Correction*, et al., No. 4:23 CV 01002, 2023 WL 3852693 (N.D. Ohio May 30, 2023).  In fact, Petitioner filed many of the same documents with the instant

(4:23CV1108)

Petition as filed with the Petition filed on May 17, 2023. On May 30, 2023, the Court,

construing Petitioner's "Emergency Writ of Prohibition" as a Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2254, dismissed the Petition for failure to exhaust her state court

remedies.

> In the ruling made by another judge of the Court, the following was well stated:

>> Here, Petitioner is challenging her state court sentence. Her Petition is therefore construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and this Court has jurisdiction to decide Petitioner's habeas corpus case. It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657, 117 S. Ct. 1573, 137 L. Ed. 2d 917 (1997). The Sixth Circuit has noted that "numerous federal decisions ... support the view that all Petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original); *see also Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006). Therefore, regardless of the statutory label Petitioner placed on her habeas petition, the Petition is governed by 28 U.S.C. § 2254. *See Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. 2002).

*Williams v. Ohio Dep't of Rehab. & Correction*, et al., No. 4:23 CV 01002, 2023 WL 3852693, at *1 (N.D. Ohio May 30, 2023). The undersigned adopts this reasoning. Contrary to

Petitioner's repeated assertion that her Petition is "not a petition for habeas corpus" ( ECF No. 1,

PageID #1), it is. "[A]ll Petitions filed on behalf of persons in custody[1] . . . are filed under

section 2254" and are subject to restrictions from the Antiterrorism and Effective Death Penalty

---

[1] "In custody" includes individuals subject to post-release control. *See In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016).

(4:23CV1108)

Act (AEDPA) for obtaining habeas relief from a state conviction.  *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original); *see also Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006).  Therefore, regardless of how Petitioner labels her habeas petition, the Petition falls under 28 U.S.C. § 2254.  *See Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. 2002). The instant action is, therefore, considered a Petition that is governed by 28 U.S.C. § 2254.

**II.**

The instant, most recently filed Petition is subject to dismissal because it is duplicative of the prior Petition filed in this District on May 17, 2023.  *See Davis v. U.S. Parole Comm'n*, 870 F.2d 657, 1989 WL 25837 (6th Cir. 1989) (a district court may properly dismiss a habeas petition as duplicative where the petition is "essentially the same" as a previously filed pending petition); *In re Camall Co.*, 16 Fed. App'x. 403, 408 (6th Cir. 2001) (a district court has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings) (citing *In Re White Motor Credit*, 761 F.2d 270, 274-75 (6th Cir. 1985)).  Both petitions concern conditions of Petitioner's post-release control, mental health treatment and  behavioral medications.  And, importantly, in the most recent Petition, there is no suggestion of exhaustion of state court remedies.  Petitioner claims to have exhausted the APA grievance process, but Petitioner makes no claims that she has exhausted state court remedies.  *See* ECF No. 1 at PageID #: 3.  Exhaustion of state court remedies occurs when the highest state court has had an opportunity review an individual's claims on the merits.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citing *Justs. of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 302-03 104 S. Ct. 1805, 1810, 80 L. Ed. 2d 311 (1984)).

(4:23CV1108)

### III.

Accordingly, the Court grants Petitioner's application to proceed *in forma pauperis* (ECF No. 2), denies the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and dismisses the action without prejudice, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 and 28 U.S.C. § 2243.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


   August 31, 2023            */s/ Benita Y. Pearson*
Date                          Benita Y. Pearson
                              United States District Judge

4